KROGER COMPANY *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—RETAIL SALE—PROXIMITY TO CHURCHES OR SCHOOLS.

   The intent of the legislature in establishing a 500-foot limitation between proposed location for sale of alcoholic beverages at retail and a church or school would be defeated if streets that are a part of the most direct route between the places are ignored (CL 1948, § 436.17a).

2. SAME—RETAIL SALE—SHOPPING CENTER—PROXIMITY TO SCHOOLS.

   Applicant for specially designated merchant's license to sell beer and wine in store building in a shopping center *held*, entitled to writ of mandamus granting relief, where the distance between projected line of nearest part of store building vertically to center line of nearest street to corresponding point in center line of street at nearest school building is more than 500 feet although the corresponding distance to nearest part of the parking lot area for the shopping center in which the store building is located is less than 500 feet (CL 1948, § 436-.17a).

3. COSTS—PUBLIC QUESTION—RETAIL LIQUOR STORE—PROXIMITY TO SCHOOL.

   No costs are allowed in mandamus proceeding to compel issuance of specially designated merchant's license to retail supermarket in a shopping center, where public question is involved in determining how to measure distance to nearest school building (CL 1948, § 436.17a).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  30 Am Jur, Intoxicating Liquors §§ 266–269.
   "School," "schoolhouse," or the like within statute prohibiting liquor sales within specified distance thereof.   49 ALR2d 1103.
[3]  35 Am Jur, Mandamus § 393.
   Allowance of damages to successful plaintiff or relator in mandamus.   73 ALR2d 903.

Original mandamus by The Kroger Company, an Ohio corporation, against the Michigan Liquor Control Commission and its members to compel issuance of specially designated merchant's license for sale of beer and wine. Submitted February 6, 1962. (Calendar No. 49,388.)   Writ granted May 18, 1962.

*Slyfield, Hartman, Reitz & Tait (Robert B. Webster,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, and *James J. Rossie,* Assistant Attorney General, for defendants.

Kelly, J.   Plaintiff, The Kroger Company, an Ohio corporation, operates a retail supermarket in a shopping center located at the northwest corner of the intersection of Apple avenue and Harvey street, Muskegon township.   Plaintiff filed an application with defendant commission for a specially designated merchant's license to sell beer and wine at this proposed location, and on September 6, 1960, the commission denied the application stating that the proposed location was within 500 feet of a school.

The issue in this case involves an interpretation of the provisions of section 17a of the Michigan liquor control act* to determine the points of beginning and of termination of measurement between plaintiff's proposed location for a specially designated merchant's license and Orchard View school.

Attached is plaintiff's exhibit "A", a map showing location of the Kroger store, Wilson grocery and the school:

---

* CLS 1956, § 436.17a (Stat Ann 1957 Rev § 18.988[1]).

Section 17a of the Michigan liquor control act provides in pertinent part:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building. Such distance be-

tween the church or school building and the contemplated location shall be measured along the center line of the street or streets between 2 fixed points on said center line determined by projecting straight lines, at right angles to the said center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building."

Defendant commission contends that the statute requires the distance between the proposed location and the school be measured from point "C" to point "D" as evidenced by above map. This distance is 483.2 feet and, therefore, such a measurement would dictate a denial of license.

Plaintiff contends that the route should be measured commencing at a point in Harvey street, south to Apple avenue, then south on Shonat street to a terminal point in Shonat street. This route is indicated on the map as being between points "A" and "B" and the distance is 957.72 feet. If this measurement is used, the license in this case should be granted.

Plaintiff refers to the Wilson grocery as an example of the inequity of the rule applied by defendant commission, and states that "the Wilson grocery is located on the south side of Apple avenue west of its intersection with Shonat street. This grocery is 489.3 radial feet distant from Orchard View school, as opposed to 939.7 radial feet for the Kroger store. The record indicates and defendant admits that the Wilson grocery has been issued an S. D. M. license. * * * Further, in defendant commission's 'answer to petition', it is affirmatively alleged that in applying the statute to measure from the school to the Wilson grocery, defendant commission found that the distance was 702.1 feet. Thus, the Wilson grocery is only 489.3 feet, radially, from the school, and

the commission measures 702.1 feet, evidently by commencing the measurement in Apple avenue rather than Shonat street; and the Kroger store is 939.7 radial feet and the commission measures 483.2 feet by the rule it now asserts. This disparity in result is illustrative of the inequities resulting from the commission's present application of this rule."

Defendant commission stresses the importance of the question presented and states:

"The precise point has not been presented to this Court and has been the source of much difficulty to the defendants in deciding the multitude of such cases presented to them, especially since the advent of shopping centers.

"The policy of the commission, in applying the measurement has been that in the event of alternative methods of measurement, in order to give effect to the mandate of this Court as recited in *Morse* v. *Liquor Control Commission,* 319 Mich 52, 65, and reiterated in *Boys' Clubs of Detroit* v. *Pakula,* 342 Mich 150, 154 (49 ALR2d 1097),

" 'The act must be liberally construed to "preserve the rights of schools and churches as provided for" in the act as this Court regards such rights as paramount.'

"The shortest route is the route used by the defendants.

"In all candor it must be stated that the commission policy of interpretation has not been free from criticism. Only those opposed to the sale of alcoholic beverages *in toto* have voiced support of the policy. However, the difficulty has been the application of the decisions of this Court.   *   *   *

"If the answer is 'yes', then the plaintiff's relief should be granted, for the rule then is as prayed for by plaintiff, that a line should be projected to the nearest street from the nearest part of the buildings involved. Such a rule, it is agreed, could be more easily and consistently applied by defendants.

If the answer is 'no', then the petition should be dismissed."

An examination of the cases cited by defendants* does not sustain a conclusion that the points of beginning and termination of measurement should be placed in such a manner as to result in the shortest measurement possible where alternative routes are available.

The intent of the legislature in establishing a 500-foot limitation is defeated if streets that are a part of the most direct route between the proposed location and a church or school are ignored.

There is no issue involving sale of alcoholic beverages anywhere except in the store building. The proposed location in plaintiff's application is the store building.

A line projected to the nearest street from the nearest part of the buildings involved discloses that the Kroger store is more than 500 feet from the school.

Plaintiff's request that a writ of mandamus issue directing the defendant Michigan liquor control commission to grant a specially designated merchant's license to plaintiff for its store at the intersection of Harvey street and Apple avenue, Muskegon township, is granted.

No costs, a public question being involved.

Carr, C. J., and Dethmers, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

Adams, J., did not sit.

---

* *Morse* v. *Liquor Control Commission,* 319 Mich 52; *Boys' Clubs of Detroit* v. *Pakula,* 342 Mich 150 (49 ALR2d 1097); *Tabacska* v. *Liquor Control Commission,* 342 Mich 370.