*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STATE FAIRGROUNDS DEVELOPMENT
COALITION, FRANK HAMMER, and KAREN
HAMMER,

UNPUBLISHED
June 23, 2022

Plaintiffs-Appellants,

v

No. 356753
Wayne Circuit Court
LC No. 20-013755-AW

CITY OF DETROIT, MAYOR OF DETROIT,
KATHY TRUDEAU, and MARC SIWAK,

Defendants-Appellees.

Before: LETICA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal by right the circuit court's order granting summary disposition in favor of defendants on the basis that plaintiffs lacked standing. We affirm on different grounds.

## I. BACKGROUND

In August 2020, the city of Detroit publicly announced a redevelopment project that involved creation of an Amazon distribution center. The project included the sale of the former Michigan State Fairgrounds by the city of Detroit to purchaser State Fair Partners, LLC. The sale consisted of 142 acres of city-owned land, which would become a new major employment center outside of downtown Detroit. The city approved the transaction on October 20, 2020, and subsequently entered into a purchase agreement for the sale. The parties agreed that the "consideration to be paid by the Purchaser to the Seller for the Property shall be [$16 million] . . . comprised of (i) [$9 million]; (ii) [$7 million] for the relocation of a Transit Center; (iii) the Demolition described herein; and (iv) Environmental Remediation described herein."

On the same day that the city approved the transaction, plaintiffs filed a complaint for declaratory, injunctive, and mandamus relief. Plaintiffs alleged that defendants failed to follow the requirements of both the Detroit Community Benefits Ordinance (CBO), which requires community engagement processes if certain city-owned land is sold below market value without open bidding, as well as the Detroit Community Outreach Ordinance (COO), which requires

community outreach during the negotiation phase of certain projects. Plaintiffs generally alleged that defendants had attempted to evade the ordinances' requirements applicable to the sale and had used methodologies of valuation to deliberately understate the value of the property in violation of the CBO.

Several days after filing suit, plaintiffs moved for and were granted a temporary restraining order (TRO). This Court, however, on emergency application for leave to appeal, reversed the TRO. *State Fairgrounds Dev Coalition v Detroit*, unpublished order of the Court of Appeals, entered November 3, 2020 (Docket No. 355307). Thereafter, plaintiffs filed an amended complaint, alleging violations of the CBO and COO, and seeking declaratory relief. Ten days after plaintiffs filed their amended complaint, on November 23, 2020, the transaction closed.

Defendants eventually moved for summary disposition, arguing, in part, that plaintiffs lacked standing. Defendants argued that the CBO and COO were designed to benefit the community at large and that plaintiffs have no separate interest, distinct from the community, that would confer standing upon them to enforce the ordinances. Plaintiffs countered, in part, that they had standing to challenge the ordinances because they live in the area, have a vested interest in participating in the CBO's neighborhood advisory council, and will be subject to health impacts from pollution caused by the development.

The circuit court granted defendants' motion to dismiss at the motion hearing. The circuit court first ruled that plaintiffs lacked standing "because there has been no demonstration of a private right to action." The circuit court nonetheless addressed the merits of plaintiffs' claims, ruling that no question of fact existed that the CBO had not been triggered because nothing on the record showed that the property had been priced below fair market value. With regard to the COO, the circuit court ruled that it had not been disputed that the city can exempt itself from the COO and that it had done so in this instance and, thus, the COO had "no bearing."

## II. ANALYSIS

On appeal, plaintiffs argue that the circuit court erred by dismissing their amended complaint on the basis that plaintiffs lacked standing to assert their claims. We do not reach the standing question, however, because a more fundamental reason for affirming the circuit court's decision exists: mainly, all of plaintiffs' claims are moot because the transaction has closed, making it impossible for this Court to provide plaintiffs any remedy. This Court reviews de novo whether an issue is moot. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

It is well established that this Court will not decide moot issues. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "It is our duty to decide actual cases and controversies, that is, actual controversies arising between adverse litigants." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). "As a result, this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before it." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010) (quotation marks and citation omitted). "[A] moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Id*. at 34-35 (quotation marks and citation omitted). "An issue becomes moot when a subsequent event renders it

impossible for the appellate court to fashion a remedy." *Garrett*, 314 Mich App at 450 (quotation marks and citation omitted).

In this matter, plaintiffs' amended complaint alleges violations of the CBO and COO, and requests declaratory relief, i.e., a declaration that defendants violated the ordinances. The pleading with respect to the ordinance violations alleges that plaintiffs were entitled to certain community involvement processes, but requests no relief other than declaratory relief. We are unaware of any remedy that either the CBO or the COO provides for a violation, and plaintiffs also cite none. Notably, 10 days after plaintiffs filed their amended complaint, the transaction closed and construction on the project has since proceeded.

Under these circumstances, in which neither ordinance provides an express cause of action nor provides for any damages related to an alleged violation,[1] the fact that the transaction has closed makes it impossible for this Court to fashion a remedy. See *Garrett*, 314 Mich App at 450. In particular, the closing of the transaction rendered moot the applicability of the ordinances because it is impossible to now conduct the community outreach during the negotiations required by the COO or to change the transactions' terms pursuant to the CBO subsequent to community involvement under the COO.[2] Additionally, no actual controversy exists for purposes of declaratory relief because a judgment on the merits would have no practical legal effect on the parties. See *Richmond*, 486 Mich at 34. In other words, a declaratory judgment would not serve to guide the parties' rights or course of conduct. See *Shavers v Attorney Gen*, 402 Mich 554, 588; 267 NW2d 72 (1978) ("In general, 'actual controversy' exists where a declaratory judgment or decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights."). In short, plaintiffs' claims are not justiciable on mootness grounds. Accordingly, we need not consider the merits of plaintiffs' claims and we affirm the circuit court's decision on this alternative basis.

III. CONCLUSION

This case became moot on November 23, 2020, when the transaction closed. The circuit court's subsequent dismissal of this case is affirmed on this alternate basis.

Affirmed.

/s/ Anica Letica
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[1] Plaintiffs do not argue that they are entitled to damages pursuant to one or both of the ordinances. See *Lash v City of Traverse City*, 479 Mich 180, 191; 735 NW2d 628 (2007).

[2] We note that the purchaser of the land is not a party to this case.