*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUCINDA K. MOENCH and MICHAEL MOENCH,

Plaintiffs-Appellants,

v

FRANKENMUTH CREDIT UNION,

Defendant-Appellee.

UNPUBLISHED
April 16, 2025
10:49 AM

No. 370162
Saginaw Circuit Court
LC No. 23-001055-CZ

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

Plaintiffs, Lucinda and Michael Moench, appeal as of right the trial court order granting defendant, Frankenmuth Credit Union (FCU), summary disposition under MCR 2.116(C)(8). For the reasons stated in this opinion, we affirm in part and reverse and remand in part.

## I. BASIC FACTS

On May 18, 2023, the Moenchs filed a complaint against FCU, alleging that it had breached its statutory duty under MCL 700.5501(5) to act in "good faith" when complying with the directives of an attorney-in-fact named in a durable power of attorney. On June 8, 2023, the Moenchs filed a first amended complaint, which added a claim for negligence. According to the amended complaint, on September 28, 2022, Lucinda's son, William Salgat, presented FCU with a durable power of attorney (DPOA) authorizing him to act as Lucinda's attorney-in-fact. The DPOA was purportedly signed by Lucinda and notarized by a "virtual notary" from Texas; however, the Moenchs' alleged that both Lucinda's and the notary's signatures had been forged. FCU, relying on the fraudulent DPOA, allowed Salgat to transfer $280,000 from the Moenchs' joint account at FCU to a Salgat's individual bank account at FCU. It was then transferred to an account at a different financial institution.

In lieu of filing an answer, FCU moved for summary disposition under MCR 2.116(C)(8), which the trial court granted. The Moenchs moved for reconsideration, but the court denied that motion. This appeal follows.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

The Moenchs argue that the trial court erred by granting summary disposition of their claims for breach of statutory duty and negligence. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

## B. ANALYSIS

## 1. BREACH OF STATUTORY DUTY

The trial court granted summary disposition of the Moenchs' claim for breach of statutory duty under MCL 700.5501(5) because it determined that the Legislature did not intend to create either an express or an implied cause of action when it enacted the statute. We agree.

As a general rule, a plaintiff does not have "a viable claim for money damages based strictly on violation of a statute unless the Legislature provides for a private statutory cause of action." *Randall v Mich High Sc Athletic Ass'n*, 334 Mich App 697, 717; 965 NW2d 690 (2020). A cause of action may be either express or implied. *Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Development Bd*, 472 Mich 479, 498; 697 NW2d 871 (2005). An express cause of action does not exist if the statutory language does not "explicitly provide for a private cause of action." *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 223; 934 NW2d 713 (2019).

The Moenchs do not argue on appeal that MCL 700.5501(5) creates an express cause of action. Indeed, at the time that this case was initiated,[1] MCL 700.5501(5) provided:

> A third party is not liable to the principal or any other person because the third party has complied in good faith with instructions from an attorney-in-fact named in a durable power of attorney whether or not the attorney-in-fact has executed an acknowledgment that complies with subsection (4). A third party is not liable to the principal or any other person if the third party requires an attorney-in-fact named in a durable power of attorney to execute an acknowledgment that complies with subsection (4) before recognizing the durable power of attorney.

Given that there is no language indicating that the principal has a cause of action against the third party, we agree that there is no express cause of action. As such, the only issue is whether MCL 700.5501(5) creates an implied cause of action.

---

[1] After this case was initiated, MCL 700.5501 was repealed by the Legislature, effective July 1, 2024. See 2023 PA 187. The repeal of a statute, however, does not take away a cause of action that may have already accrued under the statute while it was in force. *Minty v State*, 336 Mich 370, 390-391; 58 NW2d 106 (1953).

"[W]hen a statute is silent concerning whether a private remedy is available for a statutory violation, a court may infer a private cause of action if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision . . . ." *Lash v City of Traverse City*, 479 Mich 180, 192; 735 NW2d 628 (2007), disavowed on other grounds *Stegall v Resource Tech Corp*, ___ Mich ___ (2024) (Docket No. 165450) (citation and quotation marks omitted). Such an implied cause of action may be inferred by the judiciary "where the purpose of the statute at issue was found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results." *Lash*, 479 Mich at 192-193 (quotation marks and citation omitted).

We first consider whether the purpose of the statute is "to protect a class of persons which includes the one whose interest is invaded." *Id*. at 193. Here, the Moenchs argue that the statute is partially intended to protect the principal. We disagree. The purpose of the statute is not to *create* liability for third parties; rather, it provides them with immunity under certain circumstances, i.e., when the third party complies in good faith the directives of an attorney-in-fact named in a DPOA. In cases where the third party does not act in good faith, the third party is not entitled to immunity. Stated differently, if there is a claim for breach of contract or negligence related to the third party's compliance with the attorney-in-fact's directives, immunity applies if the third party acted in good faith, but if the third party did not act in good faith, then it may be liable either in contract or tort. The first part of the test stated in *Lash*, therefore, is not met because the class of persons intended to be protected by the statute is third parties, not principals.

The second factor in *Lash* requires this Court to consider whether the statute is intended "to protect the particular interest which is invaded." *Id*. The Moenchs suggest that the statute protects in part the interests of the principal when the third party does not act in good faith. Yet, the interest being protected by the statute is the interest of a third party in being immune from liability under the circumstances enumerated in the statute. This factor, therefore, is not satisfied.

*Lash*'s third element is that the statute's purpose is "to protect that interest against the kind of harm which has resulted." *Id*. The Moenchs argue MCL 700.5501(5) is meant to partially protect against harm caused by a third party's bad faith compliance with the commands of an attorney-in-fact named in a DPOA. Again, however, the statute's purpose is to protect third parties from liability, so the interest being protected is the interest in not being held liable. This factor, therefore, does not support a judicial inference that a cause of action exists under MCL 700.5501(5).

Fourth and finally, the last factor to consider is whether the statute is supposed "to protect that interest against the particular hazard from which the harm results." *Lash*, 479 Mich 193. The Moenchs contend that the significant financial injury that they suffered when FCU allowed the transfer of $280,000 satisfies this requirement. But again, the interest protected by MCL 700.5501(5) is the third party's interest in not being liable to a principal under the circumstances set forth in the statute.

In sum, the purpose of the statute is to provide immunity for third parties, not to create liability for them. Failing to act in good faith does not create liability. Instead, it deprives the third

-3-

party of the ability to claim immunity under the statute. Inferring a cause of action based upon a third party's failure to qualify for immunity defeats the purpose of an immunity statute rather than furthering it. We therefore conclude that the trial court did not err by summarily dismissing the Moenchs' claim for breach of statutory duty.

## 2. NEGLIGENCE

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). At issue in this case is whether the Moenchs pleaded the first element, i.e., that FCU owed them a legal duty arising in tort.

In order to maintain an action in tort the "defendant's legal duty to act must arise separately and distinctly from a defendant's contractual obligations." *Id*. at 168. "[A] separate and distinct duty to support a cause of action in tort can arise by statute, or by a number of preexisting tort principles, including duties imposed because of a special relationship between the parties, and the generally recognized common-law duty to use due care in undertakings." *Id*. at 170 (citations omitted).

In their complaint and response to summary disposition, the Moenchs alleged that the basis for their negligence claim was FCU's breach of its statutory duty under MCL 700.5501(5). However, as explained above, MCL 700.5501(5) does not create a private cause of action and so FCU does not owe the Moenchs a statutory duty that is separate and distinct from its contractual obligations.

Next, the Moenchs argue that the common law provides a duty separate and distinct from FCU's contractual duties. Specifically, "every person engaged in the prosecution of any undertaking [has] an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others." *Clark v Dahlman*, 379 Mich 251, 260-261; 150 NW2d 755 (1967). In response, FCU contends that the Moenchs did not allege a violation of that common-law duty in their complaint or their amended complaint. We disagree. The Moenchs pleaded in their amended complaint that FCU breached its duty to them (1) by failing to contact them to verify the DPOA, (2) by failing to have a branch manager or supervisor review the DPOA, (3) by failing "to notify and obtain permission from" the Moenchs that someone was claiming to have the authority to withdraw in excess of 95% of their funds, (4) by failing to recognize that the transaction was facially suspicious and that—contrary to the terms of the DPOA—it was not in the best interest, benefit, and welfare of Lucinda, and (5) by failing to determine that Salgat did not have authority to access the Moenchs' money. Although inartful in its wording, such allegations state a claim that FCU engaged in an undertaking—transferring money from the Moenchs' account to Salgat's account in reliance upon a purportedly valid DPOA—and that when it did so it did not use due care so as to not unreasonably endanger the person or property of the Moenchs. This claim, which is based upon breach of a common-law duty, is separate and distinct from FCU's contractual duties. See *Loweke*, 489 Mich at 168. Moreover, given that the Moenchs pleaded that FCU did not act in good faith, they have pleaded in avoidance of immunity under

MCL 700.5501(5). The court, therefore, erred by granting summary disposition under MCR 2.116(C)(8) on the Moenchs' negligence claim.[2]

Affirmed in part, reversed in part, and remanded for further proceedings. No taxable costs are awarded, neither party having prevailed in full. MCR 7.219(A). We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Noah P. Hood

---

[2] In light of our determination that summary disposition under MCR 2.116(C)(8) was not warranted, we need not consider the Moenchs' argument that the trial court abused its discretion by denying their motion for reconsideration.