FRECHEN v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 55926. Submitted June 1, 1982, at Grand Rapids.—Decided September 21, 1982.

Martin Roesch was injured when he slid off the hood of a car being driven by his wife and was struck by one of the front tires. He filed a claim for personal protection insurance benefits with Detroit Automobile Inter-Insurance Exchange, his no-fault insurer. The claim was denied on the ground that his injuries were suffered or caused intentionally. Roesch died and Vicki Frechen was appointed his personal representative. Frechen filed suit on behalf of the estate against DAIIE in Grand Traverse Circuit Court seeking payment of the benefits. The court, William R. Brown, J., granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

Martin Roesch's injuries were the unintended result of an intentional act, rather than the intended result. Therefore, he was entitled to payment of personal protection insurance benefits from defendant.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — INTENTIONAL ACTS — UNINTENDED INJURIES.

An insured is entitled to receive personal protection insurance benefits from a no-fault insurer where the injuries he suffered were the unintended result of an intentional act (MCL 500.3105[4]; MSA 24.13105[4]).

*Walz, Fershee, Jordan & Stanton, P.C.* (by *Mark W. Viel* and *John Braden*), for plaintiff.

*Williams, Coulter, Cunningham, Davison & Read* (by *Douglas J. Read*), for defendant.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 349, 354.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

Before: R. B. BURNS, P.J., and MACKENZIE and
L. C. ROOT,* JJ.

R. B. BURNS, P.J. The facts in this case are
simple but the issue is one of first impression in
Michigan.

The decedent and his wife, Amelia, spent most
of the afternoon drinking in a bar. Sometime
between 12:30 and 1 a.m. an argument occurred
and Amelia stormed out of the bar, leaving her
husband. The decedent followed her into the park-
ing lot. Amelia got into the car, locked all of the
doors and attempted to drive away. Mr. Roesch
knew that he would be compelled to walk 13 miles
home in chilly weather if his wife left him behind.
In order to force his wife to drive him home, Mr.
Roesch climbed onto the hood of the car, so she
would be compelled to stop.

Mrs. Roesch estimated that the car was moving
at the rate of 2 miles per hour when Mr. Roesch
climbed aboard. Mrs. Roesch immediately applied
the brakes. The forward inertia caused Mr. Roesch
to slide off the front of the car and he was struck
by the right front tire. As a result, Mr. Roesch
suffered fractures to his collarbone, shoulders and
spine, a concussion, and contusions.

Mr. Roesch filed a claim with the defendant, his
no-fault carrier. The claim was denied. Mr. Roesch
subsequently died and his estate was substituted
as the party plaintiff.

The claim was denied by the defendant on the
ground that Roesch's injuries were "suffered or
caused intentionally", which barred him from no-
fault recovery under MCL 500.3105(4); MSA
24.13105(4).

The trial judge granted defendant's motion for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summary judgment. The trial judge held that the term "accident" encompassed any logically foreseeable occurrence which resulted from a particular course of conduct.

MCL 500.3105; MSA 24.13105 provides in part:

"(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

\* \* \*

"(4) Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person or caused intentionally by the claimant. Even though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself."

This dispute centers on the interpretation and application of subdivision 4 above. This provision does not adequately define what qualifies as an accidental injury. The plaintiff contends that an incident is accidental if the *results* were not intended by the actor. Thus, the plaintiff advocates a subjective standard which focuses on the actor's personal intent to cause the ultimate injury, rather than his initial behavior. Conversely, the defendant asserts that an injury which results from an intentional act is not accidental if its consequences are foreseeable to a reasonable person.

As mentioned above, this is a case of first impression. It is beyond dispute that the Legislature sought to bar recovery by people who intended to injure themselves or commit suicide. The defendant insurer concedes that Mr. Roesch did not fall

into either of those categories. Therefore, the issue in this case is whether an unintended injury which resulted from an intentional act falls within the ambit of MCL 500.3105(4); MSA 24.13105(4).

The defendant and the circuit court primarily relied upon *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12; 123 NW2d 143 (1963), and related cases. The cases defined an accident as:

" '[A]n event which under the circumstances is unusual and not expected to the person to whom it happened'." (Footnote omitted.) *State Farm Mutual Automobile Ins Co v Coon,* 46 Mich App 503, 506; 208 NW2d 532 (1973).

The defendant seeks to automatically apply this definition to the case at bar. Certainly, it is foreseeable that a person who sprawls upon the hood of a moving vehicle will slide off and be injured. Furthermore, it is usually easier to determine if an accident occurred by applying the simpler foreseeability test rather than probing for the subjective intent of the actor.

The weaknesses of the foreseeability test far outweigh its benefits. A foreseeability test would greatly limit the liability of the insurer. Most automobile accidents involve volitional acts, such as speeding, drunk driving, or disobedience to traffic signals, which yield unintentional consequences. Negligence often involves an intentional act which falls below a recognized standard of care. A calamity is often a foreseeable consequence of a negligent act. The results of a negligent act are unintended. If the defendant's position is carried to its logical extreme, a no-fault insurer could refuse to pay benefits to its insured because the mishap was a foreseeable consequence of the in-

sured's negligent act. Certainly, the Legislature did not intend, in all situations, to bar recovery by people who were injured as a consequence of their own negligence.

The subjective standard, which is advocated by the plaintiff, allows a claimant who was unintentionally injured by his own negligent act to collect benefits. This position is supported by the recent case of *Collins v Nationwide Life Ins Co,* 409 Mich 271; 294 NW2d 194 (1980). In this case, the Supreme Court distinguished accidental death from accidental means:

"At the outset, it is important to note that a distinction has arisen in many states between the term 'accidental means' and the terms 'accident', 'accidental death', and, as used in the policy at issue, 'accidental bodily injuries'. This distinction is succinctly explained in 10 Couch, Insurance (2d ed), § 41:28, pp 49-50:

" '[A]ccidental death is an unintended and undesigned result arising from acts voluntarily done, whereas death by accidental means is a result arising from acts unintentionally done or events undesignedly occurring. The term "accidental means" refers to the occurrence or happening which produces the result, rather than the result; it is concerned with the cause of the harm rather than the character of the harm.' " (Footnote omitted.) *Collins,* p 275.

The statute in this case, MCL 500.3105; MSA 24.13105, refers to "accidental bodily injury" not "bodily injury by accidental means". By analogy, the distinction drawn by *Collins v Nationwide Life Ins Co, supra,* is fully applicable in injury cases as well as in death cases. Therefore, since Martin Roesch's injuries were the unintended result of an intentional act, rather than the intended result, he was entitled to benefits from the defendant.

Reversed and remanded for trial.