SCHULTZ v AUTO-OWNERS INSURANCE COMPANY

Docket No. 160289. Submitted August 1, 1994, at Grand Rapids. Decided March 23, 1995; approved for publication July 19, 1995, at 9:00 A.M.

Robert A. Schultz brought an action in the Kalamazoo Circuit Court against Auto-Owners Insurance Company after the defendant denied no-fault insurance coverage for the plaintiff's lost wages and medical bills on the basis that the plaintiff intended to cause the injuries he received. The court, Philip D. Schaefer, J., granted summary disposition for the defendant. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. The court correctly applied the law in holding that the plaintiff was barred from receiving benefits. The court was aware that, to find an intentional injury, it had to conclude that the plaintiff intended both the act and the injury.

2. The trial court erred in referring to an objective standard, rather than a subjective standard, in considering if the plaintiff intended his injuries. However, the court reached the correct result. The plaintiff's intent to hurt himself can be inferred from the facts. He did not meet his burden of showing no intent to injure himself. The defendant's motion for summary disposition was properly granted.

3. The affidavit that the plaintiff submitted to contradict his deposition testimony could not be used to establish a genuine issue of material fact. The plaintiff's alleged voluntary intoxication at the time of the incident does not vitiate or mitigate his intent.

Affirmed.

1. INSURANCE — NO-FAULT — INTENTIONAL INJURIES.

An insured must have intended both the act and the injury before no-fault benefits may be denied to the insured under the intentional injury exclusion to coverage under the no-fault insurance act (MCL 500.3105[4]; MSA 24.13105[4]).

REFERENCES

Am Jur 2d, Automobile Insurance § 356; Summary Judgment § 27.
See ALR Index under Driving While Intoxicated; No-Fault Insurance; Summary Judgment.

2. Insurance — No-Fault — Intentional Injuries — Subjective Standard.

A subjective standard is applicable to the determination whether an insured intended self-inflicted injuries for purposes of the intentional injury exclusion to coverage under the no-fault insurance act (MCL 500.3105[4]; MSA 24.13105[4]).

3. Motions and Orders — Summary Disposition — Affidavits.

A party may not create factual issues by giving damaging testimony in a deposition and then asserting the contrary in an affidavit (MCR 2.116[C][10]).

4. Insurance — No-Fault — Intentional Injuries — Intoxication.

An intoxicated insured may form the intent to inflict self-injury so as to exclude coverage under the intentional injury exclusion to coverage under the no-fault insurance act; intoxication does not vitiate or mitigate the insured's intent to inflict self-injury (MCL 500.3105[4]; MSA 24.13105[4]).

*Kendall Mac Leod,* for the plaintiff.

*Piatt, Bartosiewicz, Tiderington & Kimbrel, P.C.* (by *Thomas E. S. Tiderington*), for the defendant.

Before: Hood, P.J., and Marilyn Kelly and J. L. Martlew,* JJ.

Per Curiam. This is a claim for no-fault insurance benefits. Plaintiff appeals by leave granted[1] from an order of summary disposition for defendant. MCR 2.116(C)(10). We affirm.

Defendant denied insurance coverage for plaintiff's lost wages and medical bills. Plaintiff first

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff filed this appeal as of right. However, the order appealed from was not a final order. The counterclaim filed by defendant had not yet been resolved, and the order from which the appeal had been taken lacked a statement that there was no just reason for delay. MCR 2.604(A). As a result, this Court has no jurisdiction over the matter as an appeal of right. *Adams v Perry Furniture Co (On Remand),* 198 Mich App 1, 5; 497 NW2d 514 (1993); *Ulery v Coy,* 153 Mich App 551, 555-556; 396 NW2d 480 (1986), vacated and remanded for reconsideration on other grounds 428 Mich 879 (1987); MCR 7.203(A). Nevertheless, we have elected to treat the case as if leave to appeal had been granted.

argues that defendant applied an incorrect standard when determining the cause of his injuries in ruling that he had acted intentionally. MCL 500.3105(4); MSA 24.13105(4).

I

Even if defendant relied upon an incorrect standard, it is not reason to disturb the trial court's decision to grant summary disposition. The record indicates that the court correctly applied the law when holding that plaintiff was barred from receiving benefits. We find that the court was aware that, to find an intentional injury, it had to conclude that plaintiff intended both the act and the injury, not just the act. *Bronson Methodist Hosp v Forshee,* 198 Mich App 617, 629-630; 499 NW2d 423 (1993).

II

Next, plaintiff argues that the trial judge erred in failing to focus on his intent, not his acts, when determining intent as defined by the policy of insurance. The trial court did err by referring to an objective standard when considering if plaintiff intended his injuries. Clearly, a subjective standard applies to such inquiries. *Id.,* pp 629-630; *Mattson v Farmers Ins Exchange,* 181 Mich App 419, 424; 450 NW2d 54 (1989); *Frechen v DAIIE,* 119 Mich App 578, 580-582; 326 NW2d 566 (1982). Despite the court's erroneous reference to an objective standard, we believe it reached the correct result.

Viewing the facts in a light most favorable to plaintiff, the evidence showed that he quarrelled with his girlfriend. He then jumped from a moving van that he was driving. Statements he made

before jumping established that he did so either to elicit the girlfriend's sympathy or to arouse feelings of guilt in her. Consequently, plaintiff's intent to cause himself injury can be inferred from the facts. He did not meet his burden of showing no intent to injure himself when he jumped, and defendant's motion for summary disposition was properly granted. *Meretta v Peach,* 195 Mich App 695, 697; 491 NW2d 278 (1992); *Parpart v Detroit,* 194 Mich App 561, 563; 487 NW2d 506 (1992).

### III

Lastly, plaintiff asserts a material issue of fact existed and should have been left for the trier of fact. The affidavit which plaintiff submitted to contradict his deposition testimony could not be used to establish a genuine issue of material fact. *Barlow v John Crane-Houdaille, Inc,* 191 Mich App 244, 249-250; 477 NW2d 133 (1991); *Peterfish v Frantz,* 168 Mich App 43, 54-55; 424 NW2d 25 (1988). Also, the fact that plaintiff claimed to be voluntarily intoxicated at the time of the incident would not vitiate or mitigate his intent. *Group Ins Co of Michigan v Czopek,* 440 Mich 590, 601; 489 NW2d 444 (1992). The trial court, therefore, did not err in granting summary disposition to defendant on the ground that there was no genuine issue of material fact.

Affirmed.