# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 2, 2008

133887

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

BUDGET RENT-A-CAR SYSTEM, INC.,
      Plaintiff-Appellee,

v

SC: 133887
COA: 271703
Wayne CC: 05-501303-NI

CITY OF DETROIT and DETROIT POLICE
DEPARTMENT,
      Defendants-Appellants.

_____/

On order of the Court, the application for leave to appeal the February 1, 2007 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether claimant Mark Hurt's bodily injury arose out of the "ownership, operation, maintenance or use of a motor vehicle as a motor vehicle," under MCL 500.3105(1); (2) whether Hurt's bodily injury was accidental, under MCL 500.3105(4); (3) the impact, if any, of § 22 of the Uniform Motor Vehicle Accident Reparations Act, a model act on which Michigan's no-fault law is based, which states: "A person intentionally causing or attempting to cause injury to himself or another person is disqualified from . . . benefits for injury arising from his acts," and "[a] person intentionally causes or attempts to cause injury if he acts or fails to act for the purpose of causing injury or with knowledge that injury is substantially certain to follow"; and (4) whether the following Court of Appeals opinions correctly interpret MCL 500.3105(4): *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 19 (2004); *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 226 (1996); *Bronson Methodist Hosp v Forshee,* 198 Mich App 617, 630 (1993); and *Frechen v Detroit Auto Inter-Insurance Exchange,* 119 Mich App 578, 582 (1982). Specifically, with regard to issue (4), the parties shall address whether establishing that an injury was suffered or caused intentionally under § 3105(4) requires a determination that the person subjectively intended the injury or, instead, requires an objective analysis of whether the person acted with knowledge "that bodily injury [wa]s substantially certain to be caused by his act or omission."

MARKMAN, J., concurs and states as follows:

In addition to the issues listed in the majority's order, I would direct the parties to address the effect, if any, of the 'absurd results' rule on this case. See *Cameron v Auto Club Ins Ass'n*, 476 Mich 55 (2006); *People v McIntire*, 461 Mich 147 (1999).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 2, 2008

Clerk

p0429