**PEOPLENET COMMUNICATIONS CORPORATION, Respondent,**

v.

**BAILLON VENTURES, LLC, Appellant,**

**Joseph A. Hafermann, Defendant.**

**No. A09–1247.**

Court of Appeals of Minnesota.

May 4, 2010.

Wendy J. Wildung, Emily E. Chow, Faegre & Benson, Minneapolis, MN, for respondent.

Donald W. Niles, Niles Law Office, Wadena, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; WORKE, Judge; and COLLINS, Judge.*

## OPINION

WRIGHT, Judge.

In this appeal from the district court's allocation of costs and expenses after a proceeding to determine the fair value of appellant-dissenting shareholder's shares

in respondent corporation, appellant challenges the district court's decision that appellant is not entitled to recover expenses that appellant incurred by privately retaining an appraiser. We affirm.

## FACTS

Respondent PeopleNet Communications Corporation (PeopleNet) is a fleet-management company that sells monitoring equipment and services to the trucking industry. Appellant Baillon Ventures, LLC, manages investments made by or on behalf of members of the Baillon family. Baillon Ventures owned 40,000 shares of PeopleNet common stock and 60,000 shares of PeopleNet Series D Preferred stock.

In early 2005, PeopleNet's board of directors decided to pursue a sale of the corporation, which culminated in a September 7, 2007 sale to PeopleNet's majority shareholder, Norwest Equity Partners VII, LP. Baillon Ventures gave written notice of its dissent to the sale and demanded additional payment for its shares. PeopleNet and Baillon Ventures were unable to agree on the fair value of Baillon Ventures's shares, and PeopleNet initiated a valuation proceeding, pursuant to Minn. Stat. § 302A.473, seeking a judicial determination of the fair value of Baillon Ventures's shares. Neither party requested that the district court appoint an appraiser to assist in the valuation, and the district court did not do so.

Following the share valuation, the district court found that Baillon Ventures's dissent to the sale was "misguided" but not "arbitrary, vexatious, or in bad faith." The district court, therefore, entertained Baillon Ventures's petition on costs and expenses, pursuant to Minn.Stat. § 302A.473, subd. 8(a). Baillon Ventures

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

appointment pursuant to Minn. Const. art. VI, § 10.

sought $60,780.05 in costs and expenses, which included $54,922.52 for expenses Baillon Ventures incurred for its privately retained appraisal expert. The district court declined to award Baillon Ventures expenses for its privately retained appraiser but awarded $1,179.59 in other costs and expenses that Baillon Ventures incurred. This appeal followed.

## ISSUE

Did the district court err by concluding that Minn.Stat. § 302A.473, subd. 8(a), does not provide for a prevailing corporation's payment of expenses associated with the dissenting shareholder's privately retained appraiser?

## ANALYSIS

■ Baillon Ventures did not prevail in its dissenter's-rights action in district court and does not challenge that decision on appeal. But Baillon Ventures contends that the district court erred by declining to assess the expenses of Baillon Ventures's privately retained appraiser against PeopleNet under Minn.Stat. § 302A.473, subd. 8(a).

Ordinarily, in a civil action, only a prevailing party is entitled to recover costs and expenses, including the fees and expenses of an expert witness. Minn.Stat. § 549.04, subd. 1 (2008); *see also* Minn. Stat. § 357.25 (2008) (permitting allowance of expert-witness "fees or compensation"); *Buscher v. Montag Dev., Inc.,* 770 N.W.2d 199, 209–10 (Minn.App.2009) (permitting award of expert-witness fees to party that prevailed on summary judgment). This general rule applies regardless of whether the expert witness is appointed by the district court or is privately retained. *See* Minn. R. Evid. 706(b) (providing that expenses of court-appointed expert are to be "charged in like manner as other costs").

But a dissenter's-rights corporate share-valuation proceeding under section 302A.473, subdivision 7, is unlike many other types of civil litigation. Section 302A.473 is intended to protect dissenting shareholders, *MT Props., Inc. v. CMC Real Estate Corp.,* 481 N.W.2d 383, 388 (Minn.App.1992), and subdivision 7 does so in a variety of ways. For example, when a dissenting shareholder disputes the fairness of the amount the corporation pays for its shares, the corporation must either pay the amount that the dissenting shareholder requests or initiate a court proceeding to establish the fair value of the shares. Minn.Stat. § 302A.473, subd. 7. In a share-valuation proceeding, the district court has broad discretion and authority to determine the fair value of the shares in whatever way it deems appropriate, including by appointing a neutral appraisal expert. *Id.; see also Peterka v. Dennis,* 764 N.W.2d 829, 836 (Minn.2009) (stating that court-appointed expert is "to assist the [district] court in performing its neutral judicial function"). If the district court determines that the corporation paid less than the fair value of the shares, the corporation must pay the difference to the dissenter and all other shareholders; if the corporation paid more than the fair value, the dissenter retains the excess. Minn. Stat. § 302A.473, subd. 7.

Consistent with the protective purpose of section 302A.473, the legislature also set forth a unique scheme for allocating the fees, costs, and expenses of litigating a share-valuation proceeding. Section 302A.473, subdivision 8, requires the district court to "determine the costs and expenses of a proceeding under subdivision 7, including the reasonable expenses and compensation of any appraisers appointed by the court." *Id.,* subd. 8(a). Under most circumstances, the district court "shall assess those costs and expenses against the corporation," even if the corpo-

ration is the prevailing party. *Id.* But if the dissenting shareholder's demand for payment was "arbitrary, vexatious, or not in good faith," then the district court may "assess part or all of those costs and expenses against [the] dissenter." *Id.* Conversely, if the district court finds that the corporation "failed to comply substantially" with section 302A.473, the district court also may award the dissenter "all fees and expenses of any experts or attorneys as the court deems equitable." *Id.,* subd. 8(b).

It is this cost-allocation scheme that we address here. Baillon Ventures argues that section 302A.473, subdivision 8(a), provides for a dissenting shareholder's recovery of expenses associated with a privately retained appraiser. This argument presents a question of statutory interpretation, which we review de novo. *S.M. Hentges & Sons, Inc. v. Mensing,* 777 N.W.2d 228, 231 (Minn.2010).

When interpreting a statute, we must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008). In doing so, we first determine whether the statute's language, on its face, is ambiguous. *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.2001). A statute's language is ambiguous only when it is subject to more than one reasonable interpretation. *Amaral v. Saint Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn. 1999). We construe words and phrases according to their plain and ordinary meaning. *Frank's Nursery Sales, Inc. v. City of Roseville,* 295 N.W.2d 604, 608 (Minn.1980); *see also* Minn.Stat. § 645.08(1) (2008) (providing that words are construed according to their common usage). "Sections of a statute that relate to the same subject matter, should be construed together to determine the plain meaning." *State v. Johnson,* 775 N.W.2d 377, 380 (Minn.App.2009), *review denied*

(Minn. Feb. 16, 2010). When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, we interpret the language according to its plain meaning without resorting to other principles of statutory construction. *State v. Anderson,* 683 N.W.2d 818, 821 (Minn. 2004).

The plain language of subdivision 8(a) expressly provides that the corporation usually must pay "the reasonable expenses and compensation of any appraisers appointed by the court," even if the corporation is the prevailing party. Minn.Stat. § 302A.473, subd. 8(a). But subdivision 8(a) does not provide for assessment of expenses associated with a dissenting shareholder's privately retained appraiser unless those expenses constitute "costs and expenses of a proceeding under subdivision 7." *Id.*

■ Although "costs and expenses" may include a broad range of litigation expenses in many civil proceedings, the legislature expressly limited the scope of the "costs and expenses" to be assessed under subdivision 8(a) by linking them to subdivision 7, which establishes the parameters of this unique civil proceeding. A share-valuation proceeding under subdivision 7 utilizes a court-directed process in which the district court may disregard either or both parties' share valuations in favor of the district court's independent determination of share value, which is binding on all shareholders, not just the parties to the action. *Rainforest Cafe, Inc. v. State of Wisconsin Inv. Bd.,* 677 N.W.2d 443, 451 (Minn.App.2004). A court-appointed appraiser may play a role in enabling that determination, but it is within the district court's broad discretion to decide as a preliminary matter whether an appraiser's input is needed. *See* Minn.Stat. § 302A.473, subd. 7. If a dissenting shareholder chooses to retain an appraisal ex-

pert without requesting the expert's appointment by the district court or despite the district court's decision not to appoint an appraiser, the dissenting shareholder takes itself outside of the court-directed process contemplated by subdivision 7 and, therefore, outside of subdivision 8(a).

Subdivision 8(b) similarly limits the scope of the "costs and expenses" that may be assessed against the corporation under subdivision 8(a). Subdivision 8 delineates two standards for assigning expenses to a corporation after a share-valuation proceeding-the "costs and expenses" of the proceeding, which the corporation must cover as a matter of course absent a finding that the dissenter's actions were pursued in bad faith, and the "fees and expenses of any experts or attorneys," which the district court may assess against the corporation only when the corporation has failed to comply substantially with section 302A.473. *Id.*, subd. 8(a), (b). Because subdivision 8(b) requires a finding of noncompliance on the part of the corporation, "the costs which are presumed to be paid by the corporation [under subdivision 8(a) ] do not include" the fees and expenses of any experts or attorneys assessable only under subdivision 8(b). *MT Props.*, 481 N.W.2d at 388.

We, therefore, conclude that the plain language of Minn.Stat. § 302A.473, subd. 8(a), when properly viewed in the context of the statutory framework as a whole, does not provide for assessment of the expenses of a dissenting shareholder's privately retained appraisal expert against a prevailing corporation. Because the district court found that neither party acted in bad faith or failed to comply with the requirements of Minn.Stat. § 302A.473, the district court properly denied Baillon Ventures's request for recovery of expenses associated with its privately retained appraiser.

## DECISION

The district court correctly determined that Baillon Ventures is not entitled to recovery of expenses it incurred by privately retaining an appraisal expert in this dissenter's-rights corporate share-valuation proceeding.

**Affirmed.**