MYERS v CITY OF PORTAGE

LOUIS v CITY OF PORTAGE

Docket Nos. 313287 and 313288. Submitted March 4, 2014, at Lansing. Decided March 27, 2014, at 9:00 a.m.

James Myers and Douglas Louis brought separate actions against the city of Portage and the Portage Director of Public Safety, Richard White, in the Kalamazoo Circuit Court. Plaintiffs, former Portage police officers, alleged that White had disclosed involuntary statements they had made during the course of internal-affairs investigations in violation of MCL 15.395. Defendants moved for summary disposition. The court, Pamela L. Lightvoet, J., granted summary disposition in favor of defendants in both actions, holding that MCL 15.395 did not create a private cause of action for monetary damages and that defendants were entitled to immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. The court further held that a breach of contract claim brought by Louis was without merit. Plaintiffs appealed, and the Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

During internal-affairs investigations, a law-enforcement agency may compel its officers, on penalty of discharge, to give statements on the subject of the investigation. But those statements may not be used against the officers in later criminal proceedings because that use of the statements would violate the constitutional right against self-incrimination. Under MCL 15.395, an involuntary statement made by a law enforcement officer is also a confidential communication that is not open to public inspection except in limited circumstances. MCL 15.395, however, establishes no cause of action and confers no remedy. A cause of action may not be inferred against a governmental entity such as a police department. Accordingly, the trial court properly dismissed plaintiffs' claims based on defendants' alleged violation of MCL 15.395. Both plaintiffs also failed to identify the statements made by White that allegedly violated the statute, and Louis failed to explain how defendant's conduct breached his alleged

resignation agreement. These failures were also fatal to plaintiffs' claims, as was the GTLA, which provided defendants with blanket immunity from tort actions.

Affirmed.

STATUTES — INVOLUNTARY STATEMENTS BY LAW ENFORCEMENT OFFICERS — CONFIDENTIAL COMMUNICATIONS — DISCLOSURE — NO CAUSE OF ACTION.

Under MCL 15.395, an involuntary statement made by a law enforcement officer is a confidential communication that is not open to public inspection except in limited circumstances, but the statute establishes no cause of action and confers no remedy if the bar against disclosure is violated; a cause of action may not be inferred against a governmental entity that violates the bar against disclosure.

*Fixel Law Offices* (by *Joni M. Fixel*) for James Myers and Douglas Louis.

*Johnson, Rosati, Schultz & Joppich, PC* (by *Marcelyn A. Stepanski*), for the city of Portage and Richard White.

Before: DONOFRIO, P.J., and SAAD and METER, JJ.

SAAD, J.

### I. NATURE OF THE CASE

In these consolidated cases that raise identical issues of first impression, two former police officers, who had been the subject of or involved in internal-affairs investigations, say that defendants violated a Michigan statute that prohibits the disclosure of "involuntary statements" made during such investigations. Though defendants made statements to the press about plaintiffs' termination from employment, plaintiffs fail to identify any confidential, "involuntary statements" defendants disclosed in those statements. Further, and dispositive of their claims, the statute on which they rely does not expressly create a cause of action for damages, nor does Michigan law

permit a court to infer a cause of action against a governmental defendant. Accordingly, the trial court properly dismissed plaintiffs' claims on summary disposition. For the reasons explained in this opinion, we affirm the trial court's rulings dismissing plaintiffs' suits.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs Douglas Louis and James Myers, former police officers of defendant city of Portage, were involved in internal-affairs investigations, and allege that they gave compelled and involuntary statements in the course of those investigations.[1] Soon after, the city terminated both officers' employment.[2] Defendant Richard White, who serves as Portage's director of public safety,[3] commented on plaintiffs' dismissal to local media after a television station made a Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, request.[4]

Plaintiffs brought suit against defendants and alleged that (1) White disclosed "involuntary statements" they made in the course of the internal-affairs investigations when he discussed plaintiffs' dismissal

---

[1] As noted in the trial court's written opinions, Louis was the *subject* of an internal-affairs investigation; Myers was merely questioned as part of an unrelated internal-affairs investigation.

[2] Louis allegedly resigned his employment.

[3] The director of public safety position combines the jobs of the police chief and fire chief.

[4] In response to a FOIA request from a local television station, White stated that Louis was dismissed because he "changed his story several times" during the investigation, "bringing his character into question." The *Kalamazoo Gazette* subsequently printed the following statement from White: "[I] initially terminated Louis after the internal investigation was completed and [Louis] was later allowed to resign as part of the settlement of a grievance filed by the command officers' union." A similar statement was repeated on a local television station.

with the media, and (2) defendants' conduct was ultra vires and thus not protected under the governmental tort liability act (GTLA), MCL 691.1401, *et seq.* However, plaintiffs did not point to the specific "involuntary statements" that White allegedly disclosed in his statements to the *Gazette* and local television stations. Instead, plaintiffs merely asserted that his general references to their dismissal violated MCL 15.395. Plaintiff Louis also claimed that he and defendants made an agreement with regard to his resignation, and that defendants breached that agreement when White discussed the circumstances of his dismissal with the media. Defendants moved for summary disposition as to all plaintiffs' claims under MCR 2.116(C)(7) and (10).

In two written opinions, the trial court dismissed plaintiffs' suits and held that (1) MCL 15.395 does not create a private cause of action for monetary damages, and (2) the GTLA applied to both defendants and granted them immunity from suit. It also noted that Louis's breach of contract claim lacked merit, given that he provided no evidence that his resignation agreement contained any of the nondisclosure provisions he claimed it did, or that any such agreement actually existed. Accordingly, the trial court granted defendants' motion for summary disposition.[5]

Plaintiffs appealed the decision on all counts in November 2012, and our Court consolidated plaintiffs' appeals in January 2013.

### III. STANDARD OF REVIEW

A trial court's decision on a motion for summary

---

[5] The trial court did not indicate under which court rule it granted summary disposition.

disposition is reviewed de novo. *Cowles v Bank West*, 476 Mich 1, 13; 719 NW2d 94 (2006). MCR 2.116(C)(7) allows a party to move for dismissal if a claim is barred by immunity granted by law. "In reviewing a motion for summary disposition under MCR 2.116(C)(7), we accept the contents of the complaint as true unless the moving party contradicts the plaintiff's allegations and offers supporting documentation." *Kloian v Schwartz*, 272 Mich App 232, 235; 725 NW2d 671 (2006).

A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a claim, and should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, "leaves open an issue upon which reasonable minds might differ." *Id*. This case involves statutory interpretation, which is an issue of law that is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). We look to the "the plain language of the statute in question" to ascertain the Legislature's intent, and if that language is "unambiguous, it must be enforced as written." *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 560; 837 NW2d 244 (2013).

### IV. ANALYSIS OF MCL 15.395

During internal-affairs investigations, a law-enforcement agency may compel its officers, on penalty of discharge, to give statements on the subject of the investigation. However, these forced statements cannot be used against the officers in later criminal proceedings brought against them. See *Garrity v New Jersey*, 385 US 493, 500; 87 S Ct 616; 17 L Ed 2d 562 (1967). Michigan's Legislature

codified this constitutional right against self-incrimination,[6] and gave further protection to the confidentiality of these involuntary statements by precluding their disclosure, except in circumstances not relevant here.[7]

Using the nondisclosure provision in MCL 15.395 as the basis for their suit,[8] plaintiffs assert the right to damages for defendants' comments to the press about their termination from employment. But, strangely, as the statute's protection extends only to very specific "involuntary statements," plaintiffs inexplicably fail to identify these very statements, a failing that the trial court correctly found to be fatal to their claim. Though the trial court did not dismiss plaintiffs' action on this basis, it would have been justified in doing so. This approach is common sense: if a plaintiff sues a defendant for allegedly disclosing confidential statements to the public, the plaintiff needs to tell the court exactly what disclosed statements are at issue.[9] If plaintiffs fail to do so, they have, quite literally, failed to state a claim upon which relief can be granted. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

---

[6] See MCL 15.393 ("An involuntary statement made by a law enforcement officer, and any information derived from that involuntary statement, shall not be used against the law enforcement officer in a criminal proceeding.").

[7] See MCL 15.395 (stating that "[a]n involuntary statement made by a law enforcement officer is a confidential communication that is not open to public inspection," and listing four specific exceptions to this general rule, which, as noted, are not applicable to this case).

[8] Plaintiff Louis also alleges that defendants' comments to the media breached a resignation agreement under which his employment was terminated. But just as Louis fails to identify any involuntary statements that defendants disclosed to the media, he also inexplicably fails to explain how defendants' conduct breached the alleged agreement's specific terms, and he has not offered any evidence to show that the agreement actually exists.

[9] We understand that a plaintiff might not want to publicly republish the confidential statement(s) involved, but there are other methods a plaintiff could use to inform a court (such as an in camera proceeding) of the content of the allegedly released confidential statements at issue.

Moreover, even if plaintiffs had specifically identified the precise involuntary statements of which they complain, MCL 15.395 establishes no cause of action and confers no remedy. And Michigan caselaw holds that no cause of action can be inferred against a governmental defendant.[10] The trial court therefore properly dismissed plaintiffs' claims for violation of MCL 15.395.[11] *Lash v Traverse City*, 479 Mich 180, 194; 735 NW2d 628 (2007) (holding that courts may not infer the availability of "a private cause of action for money damages . . . *against a governmental entity*").[12] See also *Mack v Detroit*, 467 Mich 186, 196; 649 NW2d 47 (2002).

---

[10] By definition, a city's police department is a "governmental entity." MCL 15.391(b) defines "law enforcement agency" as "the department of state police, the department of natural resources, or a law enforcement agency of a county, township, city, village, airport authority, community college, or university, that is responsible for the prevention and detection of crime and enforcement of the criminal laws of this state."

[11] Plaintiffs, confusingly, also claim that defendants' commenting on their dismissal was an ultra vires act that somehow allows them to bring suit against defendants. As noted, plaintiffs do not have any cause of action related to these statements because MCL 15.395 does not provide one. If their discussion of defendants' supposedly ultra vires action is based on some other common-law claim, plaintiffs do not specify what claim they attempt to bring. See *DeGeorge v Warheit*, 276 Mich App 587, 594; 741 NW2d 384 (2007) ("It is not enough for an appellant to simply announce a position or assert an error in his or her brief and then leave it up to this Court to discover and rationalize the basis for the claims . . . ."). And, in any event, any common-law claim they assert against defendants for making the statements at issue is barred by the GTLA, which provides defendants with blanket immunity from tort actions, except in circumstances not applicable to this case. See *Mack v Detroit*, 467 Mich 186, 195-197; 649 NW2d 47 (2002), and *Petipren v Jaskowski*, 494 Mich 190, 204; 833 NW2d 247 (2013).

[12] In very limited circumstances a court may infer a private cause of action when the defendant is not a governmental entity. See *Pompey v Gen Motors Corp*, 385 Mich 537, 551-560; 189 NW2d 243 (1971), and *Gardner v Wood*, 429 Mich 290, 301-304; 414 NW2d 706 (1987). These cases took a freewheeling approach to implying a cause of action when one was not explicitly mentioned in the statute: *Pompey* stated that implication was possible if the statutory remedy was "plainly inadequate"; *Gardner* promulgated a detailed (if vague) four-part test for

Plaintiffs make the facially appealing, but unavailing, argument that it is unfair for the Legislature to grant a right under MCL 15.395 without providing an effective remedy to enforce that right. But making public policy is the province of the Legislature, not the courts. *Johnson v Recca,* 492 Mich 169, 187; 821 NW2d 520 (2012) (holding that "[o]ur judicial role precludes imposing different policy choices than those selected by the Legislature") (quotation marks and citations omitted). We say this without denigrating the importance of this right to confidentiality, but only as a clear statement of law regarding the limits of our authority and the extent of the Legislature's.[13]

### V. CONCLUSION

We hold that (1) MCL 15.395 does not permit a private cause of action for monetary damages, and (2) defendants city of Portage and Richard White are immune from plaintiffs' claims under the GTLA. Accordingly, we affirm the trial court's rulings granting summary disposition in favor of defendants.

DONOFRIO, P.J., and METER, J., concurred with SAAD, J.

---

infering a cause of action, and stressed the importance of legislative intent. *Pompey,* 385 Mich at 552 n 14; *Gardner,* 429 Mich at 302-304. The Michigan Supreme Court recently suggested that the cause-of-action-implication methodology specified in both these cases is disfavored, and that courts now "focus exclusively on evidence of legislative intent 'to create, either expressly or by implication, a private cause of action.' " *Lash,* 479 Mich at 193 n 24, quoting *Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Dev Bd,* 472 Mich 479, 498; 697 NW2d 871 (2005) (quotation marks omitted).

[13] As a practical matter, police officers embroiled in internal-affairs investigations typically receive legal representation from their unions. These lawyers can make use of the statutory right in MCL 15.395 in settlement negotiations, and therefore the statute should not be seen as ineffective, despite its lack of a cause of action for damages.