# STATE OF MICHIGAN

# COURT OF APPEALS

---

JARED VAN TIEM and HOPE VAN TIEM,
Guardian,

       Plaintiffs-Appellees,

v

AUTO CLUB GROUP d/b/a AAA MICHIGAN,

       Defendant-Appellant.

UNPUBLISHED
December 18, 2014

No. 317779
Ingham Circuit Court
LC No. 12-000466-NF

---

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

In this action to recover no-fault personal insurance protection (PIP) benefits, defendant appeals as of right the trial court's order granting plaintiffs' motion for partial summary disposition under MCR 2.116(C)(10). Because a material question of fact remains regarding whether plaintiff intended to cause himself injury, we reverse the trial court's grant of summary disposition and remand for further proceedings.

In the early morning hours of May 6, 2011, plaintiff and his former girlfriend, Ashley MacDermaid, both attended a party in Flint, Michigan, at which defendant consumed alcohol. At approximately 2:00 a.m., MacDermaid offered plaintiff a ride to his brother's house, where he was living at the time. Plaintiff accepted the offer and they left the party in MacDermaid's van. Once in the vehicle, plaintiff and MacDermaid began to argue about their relationship. At one point, MacDermaid stopped the vehicle in front of a bar to devote her full attention to the argument, but she resumed driving when a woman from the bar asked them to leave. The argument continued to escalate while they drove, to the point where plaintiff "was just full out yelling." MacDermaid responded by pulling over, stopping the vehicle, and asking plaintiff to exit the van. Plaintiff did not comply with this request, so MacDermaid again began to drive, at which point plaintiff "leapt" from her moving vehicle and sustained serious head injuries.

At the time of her deposition, MacDermaid could not recall her speed when plaintiff exited the vehicle. She explained that she was not going "very fast," but that she "hit the gas pretty hard." In describing the circumstances of plaintiff's actions, MacDermaid noted that he did not say anything before leaving the vehicle. Rather, he opened the van door and then MacDermaid watched plaintiff simply "drop out" of the van. In a handwritten statement to police, MacDermaid explained that plaintiff "jumped out of the passenger door without

-1-

attempting to protect himself," meaning, as she explained at her deposition, that he "didn't tuck and roll or anything like you would assume someone would do if they're going to jump out of a vehicle." MacDermaid also testified at her deposition that this was not the first instance in which plaintiff had suffered self-inflicted injury. She explained that plaintiff "used to get really upset and like slice his arm open."

After plaintiff leapt from the van, MacDermaid drove him to his brother's house, and he was later transported to a hospital. At the hospital, analysis of a blood sample showed that plaintiff had a blood alcohol level of .195. He remained hospitalized for several weeks before being released, at which time he continued to experience cognitive, physical, and speech difficulties.

Defendant, plaintiff's insurer, denied plaintiff's claim for PIP benefits on the grounds that his injuries were intentionally self-inflicted, meaning they did not qualify as "accidental bodily injury" under MCL 500.3105(1). Plaintiffs then filed suit seeking PIP benefits under Michigan's No-Fault Automobile Insurance Act, MCL 500.3101, et seq. Plaintiffs later moved for partial summary disposition. The trial court granted plaintiff's motion, concluding that no material question of fact remained regarding plaintiff's intent to cause himself injury and that, because his injuries were accidental, defendant was liable for PIP benefits under MCL 500.3105(1). Defendant now appeals as of right.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(10) tests the factual support of a party's claim or defense, *Lytle v Malady*, 458 Mich 153, 176; 579 NW2d 906 (1998), and is properly granted where no genuine issue remains as to any material issue, *Campbell v Human Servs Dep't*, 286 Mich App 230, 235; 781 NW2d 586 (2009). The party moving for summary disposition must identify the matters lacking a disputed factual issue and support its position with affidavits, depositions, admissions, or other documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The burden then shifts to the nonmoving party to establish a genuine issue of material fact remains. *Id.*

Importantly, in determining whether a material question of fact remains, this Court considers the "pleadings, depositions, admissions, and other documentary evidence submitted in the light most favorable to the party opposing the motion." *The Cadle Co v Kentwood*, 285 Mich App 240, 247; 776 NW2d 145 (2009). All "reasonable inferences" must be drawn in favor of the nonmoving party, *Myers v Portage*, 304 Mich App 637, 641; 848 NW2d 200 (2014), and courts may not resolve factual disputes or determine matters of credibility when deciding a motion for summary disposition, *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007), aff'd 482 Mich 136, (2008). Because questions involving intent are properly resolved by the trier of fact, *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 174; 530 NW2d 772 (1995), summary disposition is suspect where motive and intent are at issue, *Foreman v Foreman*, 266 Mich App 132, 135; 701 NW2d 167 (2005). Ultimately, a material question of fact is said to exist when, after viewing the evidence in a light most favorable to the nonmoving party, "reasonable minds could differ on an issue." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

In this case, at issue is whether a material question of fact remains regarding whether plaintiff suffered "accidental bodily injury" entitling him to PIP benefits under MCL 500.3105(1). Specifically, defendant maintains that the trial court erred in concluding as a matter of law that no material question of fact remains regarding whether plaintiff intended to cause himself injury when he intentionally leapt from a moving vehicle. If plaintiff intended his injuries, he may not collect PIP benefits. See MCL 500.3105(4).

Under the relevant statutory provision: "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105. Plainly, under this provision, an insurer may only be held liable to pay benefits "for *accidental* bodily injury." *Griffith ex rel Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 530; 697 NW2d 895 (2005). By statute,

> Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person or caused intentionally by the claimant. Even though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself. [MCL 500.3105(4).]

By virtue of this statutory explanation of "accidental" bodily injury, it is clear that recovery is barred "by people who intended to injure themselves or commit suicide."[1] *Frechen v Detroit Auto Inter-Ins Exch*, 119 Mich App 578, 580; 326 NW2d 566 (1982). An individual acts intentionally for purposes of this statute only where he intends both "the act *and* the injury." *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 226; 553 NW2d 371 (1996). See also *Frechen*, 119 Mich App at 581-582. The subjective intent of the individual is the focus of whether he or she acted intentionally. *Schultz v Auto-Owners Ins Co*, 212 Mich App 199, 201; 536 NW2d 784 (1995).

In this case the parties do not dispute whether plaintiff intended to leap from the moving vehicle; his act was plainly intentional. The only issue is whether he subjectively intended for injury to result from his intentional act. Relevant to this issue, in evaluating an individual's intent, the actor's subjective intent need not be shown by direct evidence of the actor's state of mind. See *Foreman*, 266 Mich App at 145. Rather, intent may be inferred from the facts. *Schultz*, 212 Mich App at 202. In other words, questions concerning the state of one's mind, including intent, motivation, or knowledge can be proven by circumstantial evidence. *Bergen v Baker*, 264 Mich App 376, 387; 691 NW2d 770 (2004). "Frequently, the most probative evidence of intent will be objective evidence of what actually happened rather than evidence describing the subjective state of mind of the actor." *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 12; 596 NW2d 620 (1999). That is, while an actor's intent to injure himself cannot be judged merely by what is a foreseeable result of his conduct, *Frechen*, 119 Mich App at 581-

---

[1] To the extent plaintiffs focus their appellate arguments centrally on whether plaintiff had an intent to commit suicide, we note that MCL 500.3105(4) precludes liability, not only in cases of suicide, but also where a plaintiff intended to cause himself *injury*.

582, it is nonetheless true that an actor's intent may be reflected in "the natural consequences of his deeds," *Cipri*, 235 Mich App at 12. See also *Foreman*, 266 Mich App at 14 ("Intent is a mental condition and is determined not so much by what one says as it is by what one does."). Stated differently, "even in those cases utilizing a subjective test of intention, where the injury or resulting death is the natural, anticipated and expected result of an intentional act, courts may presume that both act and result are intended." *Mattson v Farmers Ins Exch*, 181 Mich App 419, 424; 450 NW2d 54 (1989) (quotation omitted). Specifically related to the evaluation of an intent to cause injury to oneself, numerous facts and circumstances have been found relevant to a determination of an actor's subjective intent, including events leading up to the incident, *Schultz*, 212 Mich App at 202, overt expressions of suicidal intent, *Miller*, 218 Mich App at 234, the actor's level of intoxication, *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 19; 684 NW2d 391 (2004), and details surrounding the incident such as whether the actor tried to prevent the injury, *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 630; 499 NW2d 423 (1993), overruled on other grounds *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503; 821 NW2d 117 (2012).

In this case, viewing the evidence in a light most favorable to defendant, we conclude that reasonable minds could differ on the question of whether plaintiff intended to injure himself when he leapt from MacDermaid's moving vehicle. The evidence presented shows that, leading up to the incident, plaintiff had engaged in a heated disagreement with MacDermaid, during which he appeared quite upset, to the extent that he "was just full out yelling." Cf. *Schultz*, 212 Mich App at 202 (considering evidence of a quarrel as relevant to question of intent where it preceded the plaintiff's deliberate act of jumping from a moving van). As a result, MacDermaid stopped the vehicle and gave plaintiff an opportunity to exit the van; in fact, she asked him to do so. But, rather than heed this request and exit safely, plaintiff waited until the van resumed moving and then he leapt out. The link between injury and intentionally leaping from a moving vehicle is plain, and taking such action may be regarded as indicative of an intent to cause injury. Cf. *Mattson*, 181 Mich App at 425 ("[T]he link between hurling oneself in front of moving cars and injury is obvious and necessary . . . ."). This seems particularly true when, according to MacDermaid's description, plaintiff also made no effort to forestall the injury attendant to leaping from a moving vehicle by, for instance, tucking and rolling. Cf. *Bronson Methodist Hosp*, 198 Mich App at 630 (finding no intent to cause injury where the individual attempted to prevent the harm in question). Given that plaintiff leapt from a moving vehicle without any effort to protect himself, it would be reasonable to infer that he did so to cause himself injury. This conclusion finds further support in MacDermaid's deposition testimony to the effect that plaintiff had a past history of intentionally causing himself injury when he was upset. She explained that he "used to get really upset and like slice his arm open." Drawing all reasonable inferences in defendant's favor, reasonable minds could infer that, in the midst of a disagreement, plaintiff became upset and leapt from a moving vehicle in order to cause himself injury.[2] Consequently, we conclude that a material question of fact remains.

---

[2] Defendant also notes in support of its position that plaintiff's mother informed police shortly after the incident that plaintiff "had been talking about suicide at some point," prompting her to make doctor's appointments for plaintiff, which he cancelled. This information appears in a

Plaintiffs strenuously argue to the contrary on appeal and maintain that plaintiff lacked intent to injure himself. In doing so, however, they highlight evidence positive to their own position and they draw all inferences in their own favor. They note, for instance, that plaintiff did not verbally express an intent to injure himself, that he was intoxicated at the time of his injury which suggests that his exit from the van was nothing more than a "stupid drunk act," and that MacDermaid testified that the van was not traveling "very fast" when plaintiff jumped. Certainly, these are facts and circumstances bearing on plaintiff's intent which may be considered by the trier of fact when resolving the question of plaintiff's subjective intent. But, in deciding a motion for summary disposition, we may not disregard defendant's evidence or resolve factual disputes. See *White*, 275 Mich App at 625. Instead, considering all the evidence presented by the parties, MCR 2.116(G)(5), and viewing this evidence in a light most favorable to defendant, we conclude that a material question of fact remains regarding whether plaintiff intended to injure himself when he leapt from a moving vehicle. For this reason, we reverse the trial court's grant of summary disposition and remand for further proceedings.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

police report and was testified to by a police officer at his deposition. However, at her own deposition, plaintiff's mother denied that plaintiff had psychological problems. On appeal, defendant argues that evidence relating to what plaintiff's mother told the police officer should be admissible as substantive evidence under MRE 803(24). Having determined a material question of fact remains, regardless of this evidence, we decline to address whether defendant's proposed evidence may be admitted under an exception to the hearsay rule.