# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL ROSENFELD,

      Plaintiff-Appellant,

v

AMY BETH ROSENFELD,

      Defendant-Appellee.

UNPUBLISHED
October 17, 2017

No. 333001
Oakland Circuit Court
Family Division
LC No. 2011-785316-DM

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

In this post-divorce proceeding, plaintiff appeals the trial court's denial of his motion to set aside a March 30, 2016 order,[1] which in turn modified a September 2, 2015 order. The September 2, 2015 order had imposed sanctions of $500 on defendant for contempt of court and additionally noted that the issue of attorney fees was preserved. The March 30, 2016 order thereafter struck any reference in the September 2, 2015 order related to the issue of attorney fees. For the reasons provided below, we affirm.

## I. BASIC FACTS

The parties were divorced on July 1, 2013. In the judgment of divorce, the parties were given joint legal custody of the parties' three children, with primary physical custody given to defendant. In September 2013, a leak was discovered in the marital home, which created an

---

[1] Plaintiff filed this appeal as of right and asserted that this Court has jurisdiction because the March 30, 2016 order was a "final order" pursuant to MCR 7.202(6)(a)(*iv*). A "final order" under MCR 7.202(6)(a)(*iv*) includes "postjudgment order[s] *awarding or denying* attorney fees and costs." (Emphasis added.) However, the March 30, 2016 order did not award or deny any request for attorney fees. Instead, the order merely removed express language that indicated that the issue of attorney fees was "preserved." Accordingly, plaintiff cannot claim an appeal as of right to this Court. Instead, we will treat plaintiff's claim of appeal as an application for leave to appeal, and in the interest of judicial economy, we grant leave. See *Schultz v Auto-Owners Ins Co*, 212 Mich App 199, 200 n 1; 536 NW2d 784 (1995).

"extreme mold problem" according to a mold specialist. Subsequently, because of the mold concerns, the trial court ordered that when the children are with defendant, they are only to reside with her at the maternal grandparent's home, until the court ordered otherwise. When plaintiff learned that defendant was not complying with this mandate, he moved the trial court to hold defendant in contempt of court. At the hearing, defendant admitted to moving the children back into the house without court permission. At the hearing, plaintiff's counsel further stated:

> I'm going to be asking you for substantial costs. I've had over 30 hours in this case since January, dealing with an unreasonable position [sic]. First, there was no mold, then there's mold, then nothing to do about remediation, violation of court orders, et cetera, et cetera, et cetera. I charge $350 an hour to [plaintiff].[2]

The trial court agreed that defendant should be held in contempt of court for violating its order and scheduled an evidentiary hearing on the appropriate sanctions.

At the July 14, 2015 hearing on sanctions, the trial court imposed a fine on defendant in the amount of $500. Plaintiff's counsel, who was different than the counsel who represented plaintiff at the prior hearing then stated:

> I know Mr. Schnelz was the attorney [previously]. He also asked that he be awarded attorney fees; I think because the amount that he was asking for, the Court decided to indicate that he'd have to file—come into court and—and obviously argue that point. He has submitted to me a lot of different bills, they total about $18,000.00.[3] It's my understanding from the Court that if Mr. Schnelz wants to collect on his own fees, that he's have to file a motion before Your Honor, and then the Court can decide at that point to have a hearing on his request for attorney fees.

Thereafter, defendant presented an order related to the $500 sanction for contempt. Plaintiff objected to the order because it did not refer to the issue of attorney fees being reserved. At the hearing, the trial court initially thought that the request for attorney fees was independent from the fees associated with defendant's contempt. After plaintiff's counsel explained that the sought-after fees were related to defendant's contempt, the court simply stated, "I don't see any harm in adding [the requested language] . . . because I don't think it means anything." Consequently, on September 2, 2015, the court entered an order that, in addition to imposing the $500 fine on defendant, stated, "The issue of Mr. Schnelz's attorney fees is hereby preserved."

---

[2] As counsel explained, 30 hours at $350 per hour is $10,500.

[3] It is not clear where this $18,000 amount derived from, when Schnelz stated previously that he incurred $10,500 in outstanding fees related to defendant's misconduct. Quite possibly the $18,000 is the amount that he billed plaintiff for his total representation, but that entire representation is not attributable to any misconduct on defendant's part.

On March 16, 2016, defendant filed a motion for the trial court to modify its prior order. Defendant requested that the language, "The issue of Mr. Schnelz's attorney fees is hereby preserved," be deleted from the September 2 order. Defendant maintained that her bankruptcy proceeding was "being held up solely on the issue of Mr. Schnelz's attorney fees." There was no separate proof of service filed for the motion, but at the end of the motion, there was a stamp:

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all . . . attorneys of record to the above case at their appropriate addresses disclosed on the pleadings on 3/16/16 by . . . US. Mail . . . .

The trial court held a hearing on defendant's motion on March 30, 2016, but neither plaintiff nor his counsel appeared. At the hearing, defense counsel again explained that the language referring to attorney fees being preserved on the September 2, 2015 order "is holding up the bankruptcy" and further stated that "Mr. Schnelz hasn't moved on it [the request for attorney fees]." The court later followed up and asked defense counsel if there ever was a motion for defendant to pay Mr. Schnelz's fees, and defense counsel answered, "No." The court also noted that it was not sure what the language specifically meant and in any event, it certainly did not require defendant to do anything. Accordingly, the trial court entered an order on March 30, 2016, that deleted the language, "The issue of Mr. Schnelz's attorney fees is hereby preserved," from the September 2, 2015 order.

On April 20, 2016, plaintiff filed a motion to set aside the March 30, 2016 order because he was never served or otherwise notified of defendant's motion to modify the September 2, 2015 order. In support of his contention, plaintiff attached two affidavits from his two most recent attorneys (David Sucher and Michael Stein), who denied ever receiving any copy of defendant's motion to modify or receiving any phone calls related to the motion to modify. At the hearing on plaintiff's motion to set aside, defense counsel claimed that attorney Stein was indeed served via U.S. Mail, as evidenced by the stamp on defendant's motion to modify. The trial court thought that it was unnecessary to address the "procedural arguments" because the court was not convinced that the language provided any benefit to anyone. The court questioned why plaintiff would care whether that sentence is included because "[c]an't Mr. Schnelz still proceed against *him* [i.e., plaintiff]?" (Emphasis added.) When plaintiff's counsel stated that Schnelz could not file a motion to collect any fees because he is no longer representing plaintiff, the court responded that Schnelz certainly could pursue fees, although the court implied that Schnelz could get the owed fees from *plaintiff*. As a result, the trial court denied plaintiff's request to set aside its prior March 30, 2016 order, which in turn, modified the September 2, 2015 order.

## II. ANALYSIS

Plaintiff argues that the trial court erred when it denied his motion for relief from the court's March 30, 2016 order, which modified the prior September 2, 2015 order. We review a trial court's decision to grant or deny relief from a judgment or order pursuant to MCR 2.612(C) for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). A trial court abuses its discretion when it chooses an outcome that falls outside the

range of reasonable and principled outcomes. *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006).

Plaintiff claims that the trial court erred when it denied his motion brought under MCR 2.612(C)(1) to obtain relief from the court's March 30, 2016 order because he showed that he and his counsel lacked notice of the associated motion or hearing.

When it denied plaintiff's motion, the trial court failed to fully address this lack of notice and denied the motion because, according to the court, despite any alleged "procedural arguments," the language that it removed from the September 2, 2015 order did not affect plaintiff. We agree. The trial court clearly thought that attorney Schnelz could recover attorney fees from *plaintiff* irrespective of the language. While the court was correct—Schnelz's ability to recover his attorney fees from plaintiff was not impacted by the language—the trial court misunderstood the entire purpose of the language, which purportedly was to allow plaintiff to seek[4] attorney fees against *defendant* in the future. As attorney Schnelz explained at the contempt hearing, he planned to seek the reimbursement of attorney fees from defendant because of her "unreasonable position[s]" during the post-judgment proceedings. Further, in his motion to find defendant in contempt, plaintiff cited MCR 3.206(C) as authority for recovering attorney fees from defendant. The court rule provides, in pertinent part:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.
>
> (2) A party who request attorney fees and expenses must allege facts sufficient to show that
>
> * * *
>
> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply. [MCR 3.206(C).]

Plaintiff also relied on *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007), and *Rogner v Rogner*, 179 Mich App 326, 330; 445 NW2d 232 (1989), for the general proposition that attorney fees are recoverable when incurred as a result of the other party's unreasonable conduct.

Because plaintiff's counsel, at the September 2, 2015 hearing, relied on defendant's multiple, purported unreasonable positions, which resulted in 30 hours of otherwise unnecessary work, it is apparent that any request for those attorney fees would involve more than defendant's

---

[4] Importantly, the language only reserved plaintiff's right to *seek* attorney fees. As the record indicates, no such motion to collect fees from defendant was ever filed. Further, the language does not guarantee that plaintiff will be successful if a motion is eventually filed.

violation of the court's order. Instead, any request for these attorney fees would involve an allegation that defendant made repeated, baseless claims/defenses during the course of the proceedings, which were not merely limited to defendant's failure to obtain court approval before moving the children back into the marital home. Because a request for attorney fees under these circumstances goes beyond the scope of the sole reason defendant was found in contempt, we cannot conclude that the court's decision to de-couple the issue of attorney fees from its contempt order was unreasonable. In other words, the fact that the September 2, 2015 order no longer contains the statement that "The issue of Mr. Schnelz's attorney fees is hereby preserved" does not preclude plaintiff from trying to recover his attorney fees in the future.

Therefore, assuming the trial court erred when it failed to grant plaintiff relief from its March 30, 2016 order because neither plaintiff nor his counsel were ever served with notice of the hearing, any error is harmless. Although the trial court incorrectly construed the nature of plaintiff's prospective request for attorney fees as a request for Schnelz to recover his fees from plaintiff (instead of defendant), the court nevertheless was correct in deciding that the removal of the "preservation" language from the contempt sanction order does not affect plaintiff's ability to later attempt to recover attorney fees from defendant.

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron